JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5749 PA (SSx) | Date | December 28, 2017 |
|---|---|---|---|
| Title | Andres Gomez v. Esperanza Sanchez, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS—ORDER

    Plaintiff Andres Gomez ("Plaintiff") filed his complaint on August 3, 2017.  (Docket No. 1.)  On November 6, 2017, the Court issued an Order to Show Cause why this action should not be dismissed in light of Plaintiff's apparent failure to timely serve defendant Esperanza Sanchez d/b/a El Borrego De Oro #2 ("Defendant").  (Docket No. 11.)  In his response, Plaintiff explained that a process server had completed service on or about October 31, 2017 but that Plaintiff required additional time to obtain an executed proof of service.  (Docket No. 12.)  The Court granted Plaintiff additional time to file a proof of service.  (Docket No. 13.)

    On December 6, 2017, Plaintiff filed a proof of service stating that papers were left at Defendant's business address on October 30, 2017, and mailed on November 7, 2017.  (Docket No. 14.)  As a result, on December 7, 2017, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of prosecution in light of Defendant's failure to timely file an Answer.  (Docket No. 15.)  Plaintiff was given until December 17, 2017 to respond, and the Order warned Plaintiff that a "[f]ailure to respond . . . may result in the imposition of sanctions, including but not limited to dismissal of the complaint."  (Id.)

    On December 15, 2017, Plaintiff filed a notice stating that the parties had settled.  (Docket No. 16.)  That same day, the Court issued an Order giving the parties "ten (10) days . . . to file with the court a dismissal of the action or to appear, in-person or telephonically with their clients, to place the settlement on the record."  (Docket No. 17.)  The Order warned the parties that "[i]f [they did] not dismiss the action or . . . place the settlement on the record, the matter [would] remain on the Court's active calendar with all dates to remain as set."  (Id.)  The parties did not dismiss this action or place their settlement on the record within the time permitted by the Court's December 15 Order.

    To date, and despite the expiration of the deadline to do so, Plaintiff has not filed a response to the Court's December 7 Order to Show Cause.

    The Court may dismiss an action or claim <u>sua sponte</u> if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  <u>See</u> Fed. R. Civ. P. 41(b); <u>Link v.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5749 PA (SSx) | Date | December 28, 2017 |
|---|---|---|---|
| Title | Andres Gomez v. Esperanza Sanchez, et al. | | |

Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987-88 (9th Cir. 1999) (dismissal for failure to comply with court order).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629-30, 82 S. Ct. 1386, 1388-89; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987-88.

     In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation omitted) (first citing Malone v. U.S. Postal Serv., 833 F.2d 128, 133 & n.2 (9th Cir. 1987); and then quoting Ferdik, 963 F.2d at 1263).  Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor.  Id.

     Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id.

     The third Henderson factor at least marginally favors dismissal.  Although Defendant has not responded to the complaint, Defendant may be prejudiced if the complaint is not dismissed.  See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642-43 (stating that "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale").

     In considering the fourth and fifth Henderson factors, the Court notes that Plaintiff was warned about the consequences of failing to file a response by the date set by the Court.  The Court also warned the parties that if they did not timely dismiss this action or place their settlement on the record, all dates would remain in effect.  Nevertheless, Plaintiff failed to file a response to the Court's December 7 Order to Show Cause.  Additionally, the Court intends to dismiss this action without prejudice.  Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

     A dismissal should not be entered unless a plaintiff has been notified that dismissal is imminent.  See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990).  Here, the Court cautioned Plaintiff about the possibility of dismissal in the Court's December 7, 2017 Order to Show Cause.  The Court finds that Plaintiff has failed to diligently prosecute this action.  The Court therefore

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5749 PA (SSx) | Date | December 28, 2017 |
|---|---|---|---|
| Title | Andres Gomez v. Esperanza Sanchez, et al. | | |

dismisses this action without prejudice for lack of prosecution. See Fed. R. Civ. P. 41(b); Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

    IT IS SO ORDERED.